UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM P. GREEN          ]
    Plaintiff,         ]
                          ]     No.  3-06-cv-0606
v.                        ]     (No. 3:09-mc-0134)
                          ]     Judge Trauger
STATE OF TENNESSEE, et al.]
    Defendants.       ]


**M E M O R A N D U M**

This action has been pending since June 17, 2009. When the complaint (Docket Entry No.1) was filed, the plaintiff, proceeding *pro se*, was an inmate at the Charles Bass Correctional Complex in Nashville. However, his subsequently filed application to proceed in forma pauperis (Docket Entry No.4; filed on July 9, 2009) indicates that he had been transferred to the Northwest Correctional Complex in Tiptonville, Tennessee.

Because the plaintiff has had no contact with the Court since the filing of his application to proceed in forma pauperis, the plaintiff's custody status is unclear. A review of the website for the Tennessee Department of Correction shows only that his supervision status is pending. As a consequence, the Court can not say with certainty whether the plaintiff remains incarcerated or where he is currently living. For that reason, the Court shall treat the plaintiff as if he had been released from custody and is

no longer a prisoner.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; Ronald Serpas, former Chief of the Metro Nashville Police Department; and Daron Hall, Sheriff of Davidson County; seeking damages.

The plaintiff suffers from rectal cancer. He alleges that, while in the custody of the Davidson County Sheriff's Department, a physician ignored his need for cancer treatment and, as a result, his condition worsened.

The Eleventh Amendment bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. <u>Pennhurst State School and Hospital v. Halderman</u>, 104 S.Ct. 900, 908 (1984); <u>Will v. Michigan Department of State Police</u>, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. <u>Berndt v. Tennessee</u>, 796 F.2d 879 (6th Cir.1986). Therefore, faced with the defendant's sovereign immunity, the plaintiff has failed to set forth an actionable claim against the State of Tennessee.

The plaintiff is also bringing suit against Chief Serpas and Sheriff Hall. A plaintiff can not sue the defendants solely because of their status as supervisors or chief executive officers. 42

U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendants had knowledge of the plaintiff's alleged medical needs or participated, either directly or indirectly, in the decision to deny the plaintiff a particular course of treatment. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against Chief Serpas and Sheriff Hall.

In the absence of an actionable claim, the Court is obliged to *sua sponte* dismiss the instant action. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge